## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO.  1:22-cv-20040

RLI INSURANCE COMPANY,

        Plaintiff,

v.

DESIMONE CONSULTING ENGINEERS, LLC;
RAQUEL AZEVEDO DE OLIVEIRA, AS THE
PERSONAL REPRESENTATIVE OF THE ESTATES OF
ALFREDO LEONE AND LORENZO DE OLIVEIRA LEONE
AND PURPORTED REPRESENATATIVE OF THE LIABILITY CLASS
AND PERSONAL INJURY AND WRONGFUL DEATH SUBCLASS;
KEVIN SPIEGEL, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF JUDITH SPIEGEL AND PURPORTED
REPRESENTATIVE OF THE LIABILITY CLASS AND
PERSONAL INJURY AND WRONGFUL DEATH SUBCLASS;
KEVIN FANG, AS THE PERSONAL REPRESENTATIVE
OF THE ESTATE OF STACIE FANG AND PURPORTED
REPRESENTATIVE OF THE LIABILITY CLASS
AND THE NON-OWNER PERSONAL INJURY AND
WRONGFUL DEATH SUBCLASS; RAYSA RODRIGUEZ, INDIVIDUALLY,
AND AS PURPORTED REPRESENTATIVE OF THE LIABILITY
CLASS AND THE ECONOMIC LOSS AND PROPERTY DAMAGE SUBCLASS; STEVE
ROSENTHAL, INDIVIDUALLY, AND AS PURPORTED
REPRESENTATIVE OF THE ECONOMIC CLASS AND PROPERTY DAMAGE
SUBCLASS; AND CHAMPLAIN TOWERS SOUTH CONDOMINIUM
ASSOCIATION, INC.

        Defendants.

_____/

### PLAINTIFF RLI INSURANCE COMPANY's UNOPPOSED MOTION FOR INDEFINITE STAY AND SUPPORTING MEMORANDUM OF LAW

    Plaintiff RLI Insurance Company ("RLI"), by and through its undersigned counsel,

respectfully moves the Court to stay the above-captioned case, and, in support, states:

1.     On January 4, 2022, RLI filed this declaratory judgment action seeking a declaration that an underlying lawsuit filed against DeSimone Consulting Engineering Group, LLC ("DeSimone") by the putative Class Representative Plaintiffs did not trigger RLI's duty to defend or indemnify DeSimone under a general liability policy issued to an affiliate, DeSimone Consulting Engineering DPC.  On February 3, 2022, RLI amended the declaratory judgment action to join the Champlain Towers South Condominium Association, Inc. ("the Association"), who had asserted a crossclaim against DeSimone in the underlying case. The underlying case at issue is styled *In Re: Champlain Towers South Collapse Litigatio*n, Case No. 2021-015089-CA-01, Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida (the "Underlying Case").

2.     On March 8, 2022, in the Underlying Case, the Court-Appointed Receiver for the Association (the "Receiver") and the Putative Class Plaintiffs filed a *Joint Motion to Stay their Claims against Defendants, Becker & Poliakoff, P.A., Morabito Consultants, Inc., and DeSimone Consulting Engineers, LLC, Pending Settlement Agreement*.  The *Joint Motion to Stay* discussed, in relevant part, that the Receiver, Putative Class Plaintiffs and DeSimone all had participated in a mediation, and "successfully negotiated a Global Settlement of all claims, crossclaims and defenses asserted (or that could be asserted) by the Putative Class Plaintiffs against the Association and against DeSimone, and by the Association against DeSimone, for the sum of $8,550,000.00 (eight million five hundred [sic] and fifty dollars) payable to the Receivership Estate by various insurers of DeSimone."   A copy of the *Joint Motion to Stay* is attached as Exhibit A.

3.     On March 8, 2022, the Court in the Underlying Case granted the *Joint Motion to Stay* pending the Court's consideration of the Receiver's motion to approve the settlement

2

agreement and the Putative Class Plaintiffs' motion for preliminary approval of the class action settlement, both of which was to be filed within 60 days of the date of the order. A copy of the *Order* is attached as Exhibit B.

4.      On March 8, 2022, plaintiffs in the Underlying Case also filed a *Motion to Appoint a Claims Administrator*, which the court granted, further discussing the contours of the settlement:

> …The court appointed receiver has in his possession nearly $50 million from insurance proceeds. The land currently has a $120 million stalking horse bid in place. The economic loss and wrongful death/personal injury classes have a tentative agreement on the allocation of the proceeds from the sale of the land. And various Defendants including Becker & Poliakoff P.A., Morabito Consultants, Inc., and DeSimone Consulting Engineers, LLC have already settled pursuant to court ordered early mediations. There is no question that the litigation in this matter is moving at the pace this Court demanded from the outset.

Plaintiff's Motion to Appoint Claims Administrator is attached as Exhibit C.

5.      On March 8, 2022, in this case, Defendant Champlain Towers South Condominium Association, Inc. (the "Association") filed an *Unopposed Motion for Extension of Time* requesting a four-week extension for the Association and any other defendants who had been served in this case to respond to RLI's Amended Complaint [ECF No. 14] based upon the ongoing settlement discussions in the Underlying Case, which the Court granted on March 8, 2022 [ECF No. 15].

6.      On April 6, 2022, the Association in this case filed a *Second Unopposed Motion for Extension of Time* for it and the other Defendants to respond to the Amended Complaint based on continued ongoing settlement discussions [ECF No. 16], which this Court also granted [ECF No. 17].

7.      The two prior Motions for Extension of Time were made to allow time for the court in the Underlying Action to approve of the settlement reached with DeSimone.

8.      RLI now understands that it is unknown exactly when the Plaintiffs' Steering Committee ("PSC") will be ready to seek final approval of the settlement reached with DeSimone.  The PSC has advised that the underlying court asked the PSC to "aggregate the settlements for class approval."

9.      The judge in the underlying action, the Honorable Michael A. Hanzman, ordered the PSC to mediate with different groups of defendants in stages.  Some defendants, including DeSimone, were ordered to mediate earlier than other groups of defendants.  After the PSC reached a settlement with those defendants, including DeSimone, the Underlying Case against them was stayed.  It is anticipated that once all settlement agreements are reached, the PSC will file a single motion in the Underlying Case seeking court approval of all settlements simultaneously.

10.     RLI cannot give this Court a definitive estimate of when the PSC will be in a position to seek court approval of the settlement reached with DeSimone.

11.     The parties have not conducted a Case Management Conference and the Court has not issued a Case Management Order in this case so there are no current deadlines in place.

12.     While RLI and DeSimone have not resolved all disputes between each other, the Class Representative Plaintiffs and the Association are likely not necessary parties to a dispute between RLI and DeSimone, once the court approves their agreed-upon settlement.

13.     RLI hereby moves the Court to stay this case indefinitely while RLI continues to monitor developments in the Underlying Case, including court approval of the settlement between PSC and DeSimone.

4

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to  Local Rule 7.1(a)(3) of the Local Rules of the US District Court for the Southern District of Florida, the undersigned certifies that he conferred with all parties who have appeared in the action, and that no party opposes this motion.

## SUPPORTING MEMORANDUM OF LAW

Rule 1 of the Federal Rules of Civil Procedure provides that "[the Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Consequently, district courts are afforded broad discretion in managing their dockets.  *See Clinton v. Jones*, 520 U.S. 681, 706 (1997).  "When ruling on a motion to stay pending the resolution of a related case in another form, district courts must consider both the scope of the stay and the reasons given for the stay."  *Lipford v. Carnival Corp.,* 346 F.Supp.2d 1276, 1278 (S.D. Fla. 2004).

Staying this case indefinitely pending approval of the settlement reached with DeSimone in the Underlying Case will promote a just, speedy, and inexpensive determination of this proceeding, in that the litigation, once it moves forward, will be confined to those parties with an interest in the matter.  Staying this case also insures against the needless expenditure of the Court and the parties' valuable time and resources.  Further, Defendants will not be prejudiced by staying this case.  Indeed, Defendants have moved this Court twice for extensions to respond to the Amended Complaint in this case already.

WHEREFORE, Plaintiff, RLI Insurance Company, moves this Court to grant an indefinite stay pending final approval of the global settlement in the Underlying Case while RLI monitors the Underlying Case and RLI shall advise the Court within the 30 days of the status of

the court approving the settlement in the Underlying Case and any other relief the Court deems necessary.

Dated: May 6, 2022.

Respectfully submitted,

/s/ Ryan K. Hilton
FAY E. RYAN, ESQ.
Florida Bar No.:  0965944
fryan@butler.legal
RYAN K. HILTON, ESQ.
Florida Bar No.: 304610
rhilton@butler.legal
BUTLER WEIHMULLER KATZ CRAIG LLP
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:     (813) 281-1900
Facsimile:      (813) 281-0900
*Attorneys for Plaintiff, RLI Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2022, I filed the foregoing with the Clerk of Court by using the CM/ECF filing system which will send notice of electronic filing to all parties of record.

/s/ Ryan K. Hilton
RYAN K. HILTON, ESQ.
Florida Bar No.: 0304610

6